**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD C. HUGHES, | CASE NO. 1:11-cv-00110-AWI -GBC (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| ROBERT BRUNER, | (Doc. 1) |
| Defendant. | ORDER DIRECTING CLERK'S OFFICE TO PROVIDE PLAINTIFF WITH A BLANK COMPLAINT FORM |
| | (Doc. 1) |
| | THIRTY-DAY DEADLINE |

**Screening Order**

**I.  Screening Requirement**

Plaintiff Bernard Hughes, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 21, 2011.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). "[P]laintiffs [now] face a higher burden of pleadings facts . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), and while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To state a viable claim for relief, Plaintiff must set forth factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S.Ct. at 1949-50; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.*

## II.     Plaintiff's Claim

Plaintiff brings this civil suit against Sergeant Robert Bruner, an employee at the Mariposa County Detention Facility and Lieutenant Susan Brent ("Defendants"). (Doc. 1, Complaint at p. 2). On December 28, 2009, Defendant Bruner and Plaintiff had an argument. (Doc. 1, Comp. at 4). Presumably as a result of the argument, Defendant Bruner submitted a false report stating that Plaintiff threatened Defendant Bruner at the Mariposa County Adult Detention Facility. (Doc. 1, Comp. at 4). Plaintiff went through the disciplinary process and was found guilty based upon the report and statement of Defendant Bruner. (Doc. 1, Comp. at 4). As a result of a guilty finding from the disciplinary hearing, Plaintiff was placed in disciplinary isolation as punishment. (Doc. 1, Comp. at 4).

Plaintiff then filed a "Citizen's Complaint" to redress Defendant Bruner's falsification of the report and upon investigation, a sherif deputy found that Defendant Bruner had made false allegations. (Doc. Comp. at 4-5). According to his complaint, Plaintiff suffered multiple days of

disciplinary isolation, loss of visits and loss of phone calls because the investigation were results given too late and not in time to prevent implementation of punishment as a result of the prior disciplinary decision. (Doc. 1, Comp. at 5).

### A. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff lists Lieutenant Susan Brent as a Defendant in the complaint, but fails to mention her or her alleged unconstitutional conduct anywhere else in his complaint. If Plaintiff intends to pursue claims against Lieutenant Susan Brent, he must clarify how Lieutenant Susan Brent personally participated in the deprivation of Plaintiff's constitutional or other federally protected rights. *Nurre v. Whitehead*, 580 F.3d 1087, 1093 (9th Cir 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

### B. Due Process

A prisoner does not have a "constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." *Sprouse v. Babcock*, 870 F. 2d 450, 452 (8th Cir.1989). Rather, the Fourteenth Amendment provides that a prisoner "has a right not to be deprived of a protected liberty interest without due process of

law." *Id.* As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983. *See Sprouse*, 870 F. 2d at 452; *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir.1986); *Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir.1984). Moreover, the fact that a prisoner may have been innocent of the charges does not raise a due process issue. The Constitution demands due process, not error-free decision-making. *See Ricker v. Leapley*, 25 F.3d 1406, 1410 (8th Cir. 1994).

An inmate in California is entitled to due process before discipline is imposed that results in an atypical and significant hardship in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). 1) a written statement at least twenty-four hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; 2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and 3) legal assistance where the charges are complex or the inmate is illiterate. *See Wolff v. McDonnell*, 418 U.S. 539, 563-70 (9th Cir. 1974); *see also Superintendent v. Hill* 472 U.S. 445, 454 (1985); *Neal v. Shimoda*, 131 F.3d 818, 830-31 (9th Cir. 1997); *Walker v. Sumner*, 14 F.3d 1415, 1419-20 (9th Cir. 1994); *McFarland v. Cassady*, 779 F.2d 1426, 1428 (9th Cir. 1986). The findings of the prison disciplinary decision-maker must be supported by some evidence in the record, *Superintendent v. Hill*, 472 U.S. 445, 454 (1985), and there must be some indicia of reliability of the information that forms the basis for prison disciplinary actions, *Cato v. Rushen*, 824 F.2d 703, 704-05 (9th Cir. 1987).

To the extent Plaintiff seeks to assert a claim against Defendant Bruner based merely upon allegations that Defendant Bruner submitted a false report, Plaintiff's claim is insufficient to state a due process violation. However, if Plaintiff believes that he was not afforded sufficient due process as articulated above, Plaintiff may amend his complaint.

### III.  Conclusion and Order

Plaintiff's complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff one opportunity to file an amended complaint. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims

4

in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, *Iqbal* at 1948-49; *Jones*, 297 F.3d at 934. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form;
2. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   April 21, 2011

UNITED STATES MAGISTRATE JUDGE

5