## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD C. HUGHES, | CASE NO. 1:11-cv-00110-AWI-GBC (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM |
| v. | |
| ROBERT BRUNER, | (Doc. 15) |
| Defendant. | THIRTY-DAY DEADLINE |

### I.     Procedural History

Plaintiff Bernard Hughes ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 21, 2011. Doc. 1. On April 22, 2011, the Court dismissed Plaintiff's complaint for failure to state a claim and gave Plaintiff leave to amend. Doc. 13. On May 12, 2011, Plaintiff filed the first amended complaint which is currently before the Court. Doc. 15.

### II.    Screening

####     A.    Screening Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). "[P]laintiffs [now] face a higher burden of pleadings facts . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), and while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To state a viable claim for relief, Plaintiff must set forth factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S.Ct. at 1949-50; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.*

### III. Plaintiff's Claim

Plaintiff brings this civil suit against Sergeant Robert Bruner, an employee at the Mariposa County Detention Facility and Lieutenant Susan Brent ("Defendants"). Doc. 15 at 4. On December 28, 2009, Defendant Bruner and Plaintiff had an argument. Doc. 15 at 4. Presumably, as a result of the argument, Defendant Bruner submitted a false report stating that Plaintiff threatened Defendant Bruner at the Mariposa County Adult Detention Facility. Doc. 15 at 4. Plaintiff went through the disciplinary process and was found guilty based upon the report and statement of Defendant Bruner. Doc. 15 at 4. As a result of a guilty finding from the disciplinary hearing, Plaintiff was placed in disciplinary isolation as punishment. Doc. 15 at 4.

Plaintiff then filed a "Citizen's Complaint" to redress Defendant Bruner's falsification of the report and upon investigation a sherif deputy found that Defendant Bruner had made false allegations. Doc. 15 at 5. According to his complaint, Plaintiff suffered multiple days of

disciplinary isolation, loss of visits and loss of phone calls because the results of the investigation were given to Plaintiff on July 27, 2010, which was not in time to prevent implementation of punishment as a result of the prior disciplinary decision. Doc. 1 at 5; Doc. 15 at 5.

**A.     Due Process**

A prisoner does not have a "constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." *Sprouse v. Babcock*, 870 F. 2d 450, 452 (8th Cir.1989). Rather, the Fourteenth Amendment provides that a prisoner "has a right not to be deprived of a protected liberty interest without due process of law." *Id.* As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983. *See Sprouse*, 870 F. 2d at 452; *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir.1986); *Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir.1984). Moreover, the fact that a prisoner may have been innocent of the charges does not raise a due process issue. The Constitution demands due process, not error-free decision-making. *See Ricker v. Leapley*, 25 F.3d 1406, 1410 (8th Cir. 1994).

An inmate in California is entitled to due process before discipline is imposed that results in an atypical and significant hardship in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). The process due in such a prison disciplinary proceeding includes written notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues are complex. *Wolff v. McDonnell*, 418 U.S. 539, 564-67 (1974). The findings of the prison disciplinary decision-maker must be supported by some evidence in the record, *Superintendent v. Hill*, 472 U.S. 445, 454 (1985), and there must be some indicia of reliability of the information that forms the basis for prison disciplinary actions, *Cato v. Rushen*, 824 F.2d 703, 704-05 (9th Cir. 1987).

To the extent Plaintiff seeks to assert a claim against Defendant Bruner based merely upon allegations that Defendant Bruner submitted a false report, Plaintiff's claim is insufficient to state a due process violation.

In general, before dismissing a pro se civil rights complaint for failure to state a claim, a

district court must give the litigant a statement of the complaint's deficiencies and leave to amend the complaint.  *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir.2000); *City of Oakland, Cal. v. Hotels.com LP*, 572 F.3d 958, 962 (9th Cir. 2009); *Frost v. Fox*, 53 F.3d 338, *2 (9th Cir. 1995) (citing *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).  Although Plaintiff was given such leave, the first amended complaint demonstrates that further amendment cannot correct the defects of his action.  Leave to amend is not required where it is absolutely clear that the deficiencies of the complaint can not be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir.2000); *City of Oakland, Cal. v. Hotels.com LP*, 572 F.3d 958, 962 (9th Cir. 2009); *Frost*, 53 F.3d at *2 (citing *Karim-Panahi*, 839 F.2d at 623).  Therefore, the Court recommends dismissing the action for failure to state a claim upon which relief may be granted since it is apparent that amending the complaint could not correct defects of this claim by alleging different facts.

### IV.    Conclusion and Recommendation

Plaintiff fails to state a claim upon which relief can be granted under section 1983.  Plaintiff was provided with an opportunity to amend the complaint and it is apparent that further amendment could not correct the defects of his action.

For the above reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's action be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted under section 1983; and

2. The Clerk's Office be ordered to enter judgment and close the case.

///

///

///

///

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 18, 2012

UNITED STATES MAGISTRATE JUDGE