# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD C. HUGHES,<br><br>                Plaintiff,<br><br>  v.<br><br>ROBERT BRUNER,<br><br>                Defendant.<br>_____/ | CASE NO. 1:11-cv-00110-AWI-GBC (PC)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATION<br>(Doc. 16)<br><br>ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND<br>(Doc. 15)<br><br>AMENDED COMPLAINT DUE WITHIN TWENTY-ONE DAYS |

**I.    Procedural History**

Plaintiff Bernard Hughes ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 21, 2011. Doc. 1. On April 22, 2011, the Court dismissed Plaintiff's complaint for failure to state a claim and gave Plaintiff leave to amend. Doc. 13. On May 12, 2011, Plaintiff filed the first amended complaint. Doc. 15. On July 18, 2012, the Court issued Findings and Recommendations which recommended dismissing the action for failure to state a due process claim. Doc. 16. On August 31, 2012, Plaintiff filed objections which argued that the facts in his complaint demonstrate that he successfully states a First Amendment retaliation claim. Doc. 17.

**II.   Rule 60 Order**

Given that Plaintiff argues that his amended complaint states a retaliation claim and the Court has yet to screen Plaintiff's claim in light of the First Amendment retaliation legal standard, pursuant

to Rule 60(a) of the Federal Rules of Civil Procedure,[1] the Court will vacate its original findings and recommendation and re-screen Plaintiff's complaint. Doc. 16.

**III.    Screening**

    **A.    Screening Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). "[P]laintiffs [now] face a higher burden of pleadings facts . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), and while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To state a viable claim for relief, Plaintiff must set forth factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S.Ct. at 1949-50; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.*

---

[1] Rule 60(a) states: "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a).

2

## IV. Plaintiff's Claim

Plaintiff brings this civil suit against Sergeant Robert Bruner, an employee at the Mariposa County Detention Facility and Lieutenant Susan Brent ("Defendants"). Doc. 15 at 4. At some time prior to the argument, Plaintiff wrote a note to Defendant Bruner to dispute a minor rule. Doc. 15 a 4. On December 28, 2009, Defendant Bruner and Plaintiff had an argument over the note that Plaintiff wrote. Doc. 15 at 4. Presumably, as a result of the argument, Defendant Bruner submitted a false report stating that Plaintiff threatened Defendant Bruner at the Mariposa County Adult Detention Facility. Doc. 15 at 4. Plaintiff went through the disciplinary process and was found guilty based upon the report and statement of Defendant Bruner. Doc. 15 at 4. As a result of a guilty finding from the disciplinary hearing, Plaintiff was placed in disciplinary isolation as punishment. Doc. 15 at 4.

Plaintiff then filed a "Citizen's Complaint" to redress Defendant Bruner's falsification of the report and upon investigation a sherif deputy found that Defendant Bruner had made false allegations. Doc. 15 at 5. According to his complaint, Plaintiff suffered multiple days of disciplinary isolation, loss of visits and loss of phone calls because the results of the investigation were given to Plaintiff on July 27, 2010, which was not in time to prevent implementation of punishment as a result of the prior disciplinary decision. Doc. 1 at 5; Doc. 15 at 5.

### A. Due Process

A prisoner does not have a "constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." *Sprouse v. Babcock*, 870 F. 2d 450, 452 (8th Cir.1989). Rather, the Fourteenth Amendment provides that a prisoner "has a right not to be deprived of a protected liberty interest without due process of law." *Id*. As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983. *See Sprouse*, 870 F. 2d at 452; *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir.1986); *Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir.1984). Moreover, the fact that a prisoner may have been innocent of the charges does not raise a due process issue. The Constitution demands due process, not error-free decision-making. *See Ricker v. Leapley*, 25 F.3d 1406, 1410 (8th Cir. 1994).

An inmate in California is entitled to due process before discipline is imposed that results in an atypical and significant hardship in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). The process due in such a prison disciplinary proceeding includes written notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues are complex. *Wolff v. McDonnell*, 418 U.S. 539, 564-67 (1974). The findings of the prison disciplinary decision-maker must be supported by some evidence in the record, *Superintendent v. Hill*, 472 U.S. 445, 454 (1985), and there must be some indicia of reliability of the information that forms the basis for prison disciplinary actions, *Cato v. Rushen*, 824 F.2d 703, 704-05 (9th Cir. 1987).

### 1. Analysis

To the extent Plaintiff seeks to assert a claim against Defendant Bruner based merely upon allegations that Defendant Bruner submitted a false report, Plaintiff's claim is insufficient to state a due process violation.

### B. Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

### 1. Analysis

Plaintiff fails to demonstrate that he was engaged in protected conduct and that Defendant Bruner's action was because of Plaintiff's protected conduct. In *Brodheim v. Cry*, the Ninth Circuit

4

found that even when there was a dispute as to whether Plaintiff's 'disrespectful language' or the grievance as a whole was the motivating factor for adverse action, disrespectful language in a prisoner's grievance is itself protected activity under the First Amendment. *Brodheim*, 584 F.3d at 1271. However, in this instance, Plaintiff alleges that he got into an argument with Defendant Bruner regarding a written note. Although disrespectful language within the context of a grievance is protected speech, the Ninth Circuit has yet to decide whether a verbal argument with prison staff about a note, which the Court will assume for the sake of argument is a grievance, is protected.

Other Circuits have found that yelling, cursing and otherwise undermining authority within the prison setting can pose serious security risks. *See e.g.*, *Thomas v. Bryant*, 614 F.3d 1288, 1297 (11th Cir. 2010) (describing a prison security rule that "prohibit[s] banging or yelling from inside a fully-secured cell because such a disturbance may incite or disturb other inmates or prevent security from hearing an inmate in need"); *Cygan v. Wisconsin Dept. of Corrections*, 388 F.3d 1092, 1101 (7th Cir. 2004) (prison guard's loud, profane and unprofessional speech in the presence of staff and inmates endangered both groups by exposing them to opportunistic acts of violence and undermining authority of supervising officer in presence of other officers and inmates and thus was not protected); *Soto v. Dickie*, 744 F.2d 1260, 1267 (7th Cir. 1984) (open disrespect of authority "places the staff and other inmates in danger"). The Court finds the above cited circuit courts persuasive in the conclusion that the appropriate channel to address legal claims is through the written grievance procedure and the courts while yelling at prison authority outside the formal grievance process is unprotected speech. *See e.g.*, *Thomas v. Bryant*, 614 F.3d 1288, 1297; *Cygan v. Wisconsin Dept. of Corrections*, 388 F.3d 1092, 1101; *Soto v. Dickie*, 744 F.2d 1260, 1267.

## V.     Conclusions and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

5

named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. An amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Court's Findings and Recommendations filed on July 18, 2012, is VACATED (Doc. 16);
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Plaintiff's amended complaint, filed May 12, 2012, is dismissed for failure to state a claim upon which relief may be granted;
4. Within **twenty-one (21) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
5. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   November 9, 2012

UNITED STATES MAGISTRATE JUDGE