# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD C. HUGHES, | Case No. 1:11-cv-00110-AWI-SAB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMENDING DENYING PLAINTIFF'S MOTION FOR A COURT ORDER |
| v. | |
| ROBERT BRUNER, | (ECF No. 22) |
| Defendant. | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff Bernard Hughes is a state inmate proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 21, 2011, and the second amended complaint, filed December 26, 2012, is currently pending screening. At the time that Plaintiff filed his second amended complaint, he filed a motion for a court order directing prison officials to return his legal documents. In essence, Plaintiff seeks equitable relief.

For each form of relief sought in federal court, Plaintiff must establish standing. Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), cert.denied, 131 S. Ct. 503 (2010). This requires Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149 (2009) (citation omitted); Mayfield, 599 F.3d at 969 (citation omitted).

1

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

Plaintiff is currently in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at Kern Valley State Prison. Plaintiff's claim in this action arises from a past incident while he was in the custody of the Mariposa County Sheriff Department in 2009. In his complaint, Plaintiff alleges that following a dispute at the Mariposa County Jail, Defendant Bruner filed a false rules violation report causing Plaintiff to be found guilty of a rules violation.

The pendency of this action against officials at the Mariposa County Sheriff Department does not confer on the Court jurisdiction to issue an order directing that prison officials at Kern Valley State Prison return his legal materials. Additionally, such an order would not remedy the underlying legal claim in this action, which involves the past conduct of the Mariposa County Sheriff Department. 18 U.S.C. § 3626(a)(1)(A); Summers, 129 S.Ct. 1142 at 1149; Steel Co., 523 U.S. at 103-04; Lyons, 461 U.S. at 101; Mayfield, 599 F.3d at 969. Accordingly,

IT IS HEREBY RECOMMENDED that Plaintiff's motion for a court order be DENIED.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28

//

//

U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **February 22, 2013**

UNITED STATES MAGISTRATE JUDGE