UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD C. HUGHES,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT BRUNER, et al.,<br><br>    Defendants. | Case No.: 1:11-cv-00110-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF COMPLAINT WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 23] |

Plaintiff Bernard C. Hughes is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on January 21, 2011. On April 22, 2011, the Court dismissed the complaint with leave to amend for failure to state a cognizable claim.

After Plaintiff failed to file a timely amended complaint, Findings and Recommendations were issued on December 17, 2012.

On January 9, 2013, the Court granted Plaintiff's motion to amend the complaint and vacated the Findings and Recommendations previously issued.

Now pending before the Court is Plaintiff's second amended complaint filed on December 26, 2012.

///

///

1

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.

## COMPLAINT ALLEGATIONS

Plaintiff contends that on December 28, 2009, he submitted a written note to Defendant Sergeant Robert Bruner regarding a dispute over a potential rules violation. Defendant Bruner went to Plaintiff's cell to discuss the grievance and prison rules. In the course of the discussion, Plaintiff said

a few swear words to Defendant, but did not make any threats.  As a result of the incident, Plaintiff was issued a rules violation for threatening Defendant Bruner.  After being found guilty of the rules violation, Plaintiff was deprived of outdoor exercise, telephone use, and visitation.

Plaintiff filed a citizen complaint with Mariposa County Sheriff's Office on January 11, 2010. His complaint was sustained after an investigation determined that Defendant Bruner violated the facilities policies and ethics.  However, Bruner was not disciplined because he was no longer employed with the Mariposa County Sheriff's Office.

## II.

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

False charges alone are not actionable under § 1983 because falsely accusing an inmate of misconduct does not violate a right secured by the Constitution or laws of the United States.  For a false accusation to be potentially actionable, the false charge must implicate some constitutional rights, such as the Fourteenth Amendment's right to due process or the First Amendment-based right to be free from retaliation.  An allegation of a false charge that results in discipline that is no severe enough to amount to a deprivation of a protected liberty interest under Sandin v. Conner, 515 U.S. 472 (1995)-that is, by imposing an atypical and significant hardship or by inevitably affecting the duration of confinement-does not state a claim under § 1983.  See Smith v. Mensinger, 293 F.3d 641, 653-654 (3d Cir. 2002) (no § 1983 claim was stated for allegedly false charges because the disciplinary confinement imposed was too short to amount to an atypical and significant hardship under Sandin). Even if the false charges does result in discipline that amounts to the deprivation of a protected liberty interest under Sandin, a § 1983 claim is not stated if the inmate is afforded the procedural protections required by federal law at the disciplinary hearing.  See Smith, 392 F.3d at 654.

Plaintiff's amended complaint alleges nothing more than the mere fact that Defendant Bruner issued a false rules violation report, which is insufficient to give rise to a cognizable constitutional

violation. Plaintiff was previously provided notification of the deficiencies and given leave to amend to cure the defects. Based on the deficiencies at issue in his amended complaint, further leave to amend is not warranted. Akhtar v. Mesa, 698 F.3d 1202, 1212-1213 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-1449 (9th Cir. 1987).

### III.

### RECOMMENDATION

Based on the foregoing,

IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim for relief.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 23, 2013**

UNITED STATES MAGISTRATE JUDGE