UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD C. HUGHES,<br><br>                Plaintiff,<br><br>        v.<br><br>ROBERT BRUNER, et al.,<br><br>                Defendants. | Case No.: 1:11-cv-00110-AWI-SAB (PC)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS AND GRANTING PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT<br><br>[ECF Nos. 29, 30] |

Plaintiff Bernard C. Hughes is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On December 24, 2013, the undersigned issued Findings and Recommendations to dismiss Plaintiff's second amended complaint, without leave to amend, for failure to state a cognizable claim. The Court found that Plaintiff's amended complaint alleged nothing more than the mere fact that Defendant Bruner issued a false rules violation report, which is insufficient to give rise to a cognizable constitutional violation. Because Plaintiff was previously provided notification of the deficiencies, further leave to amend was not warranted.

On January 23, 2014, Plaintiff filed objections to the Findings and Recommendations. In his objections, Plaintiff contends that the false charges set forth in the second amended complaint were in retaliation for Plaintiff having filed a grievance.

1

In light of the additional allegations set forth in Plaintiff's objections, and in the interest of justice, the undersigned will vacate the Findings and Recommendations and grant Plaintiff one additional opportunity to file a third amended complaint. Plaintiff is advised that in the future, the Court will consider only the factual allegations made in the complaint so he is encouraged to state completely his claims in his Third Amended Complaint or his claims will be subject to dismissal. Plaintiff's second amended complaint should be brief, Fed R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In addition, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level…." Bell Atlantic Corp. v. Trowmbly, 550 U.S. 544, 555 (2007).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997), overruled in part on other grounds, Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Accordingly,

IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, issued December 24, 2013, are vacated;

2. Plaintiff is granted thirty (30) days from the date of service of this order in which to file his third amended complaint; and

2

3.      If Plaintiff fails to comply with this order, the Court will re-issue the Findings and Recommendations recommending dismissal of the second amended complaint without leave to amend for failure to state a cognizable claim.

IT IS SO ORDERED.

Dated:   **February 5, 2014**

UNITED STATES MAGISTRATE JUDGE

3