UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD C. HUGHES,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT BRUNER, et al.,<br><br>    Defendants. | Case No.: 1:11-cv-00110-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF THIRD AMENDED COMPLAINT, WITHOUT LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 33] |

Plaintiff Bernard C. Hughes is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Now pending before the Court is Plaintiff's third amended complaint, filed on March 10, 2014. (ECF No. 33.)

**I.**

**PROCEDAL BACKGROUND**

Plaintiff filed the instant action on January 21, 2011.  On April 22, 2011, the Court dismissed the complaint with leave to amend for failure to state a cognizable claim.  On May 12, 2011, Plaintiff filed a first amended complaint.  On July 18, 2012, the Court issued Findings and Recommendation to dismiss the action, with prejudice, for failure to state a cognizable claim.  Plaintiff filed objections to the Findings and Recommendation on August 31, 2012.

///

1  On November 14, 2012, the Court vacated the Findings and Recommendation to dismiss the
2  first amended complaint and granted Plaintiff an additional opportunity to file a second amended
3  complaint.
4  After Plaintiff failed to file a timely amended complaint, Findings and Recommendations were
5  issued on December 17, 2012. However, on this same date, Plaintiff filed a motion to amend, and a
6  second amended complaint was filed on December 26, 2012.
7  On January 9, 2013, the Court granted Plaintiff's motion to amend the complaint and vacated
8  the Findings and Recommendations previously issued December 17, 2012.
9  On December 24, 2013, the Court issued Findings and Recommendation to dismiss the second
10 amended complaint without leave to amend for failure to state a cognizable claim.
11 Plaintiff filed objections to the Findings and Recommendation on January 23, 2014. On
12 February 5, 2014, the Court vacated the Findings and Recommendation reasoning, in pertinent part, as
13 follows:

> In light of the additional allegations set forth in Plaintiff's objections, and in the interest of justice, the undersigned will vacate the Findings and Recommendation and grant Plaintiff one additional opportunity to file a third amended complaint. Plaintiff is advised that in the future, the Court will consider only the factual allegations made in the complaint so he is encouraged to state completely his claim in his *Third Amended Complaint or his claims will be subject to dismissal*.

(ECF No. 32, at 2:1-5) (emphasis added).

## II.
## DISCUSSION

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

In the third amended complaint, Plaintiff contends that on December 28, 2009, he filed a grievance concerning the lack of clean laundry.  Plaintiff was given only one pair of underwear, which he was expected to wear for multiple days.  Per prison procedure, Plaintiff attempted to resolve his grievance informally.  Plaintiff initially asked for two pair of underwear, one to wash and one to wear as an alternate.  After Defendant Robert Bruner declined, Plaintiff again attempted to resolve the issue by way of written grievance.  Defendant Bruner informed Plaintiff that it would be a violation of prison rules to grant his request.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d

559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Silva, 658 at 1104; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff merely contends that he was not provided an alternate pair of underwear, despite the fact that he had filed a grievance to accommodate such request. Plaintiff fails to allege any facts that elevate his allegations of retaliation to the level of a plausible claim. The denial of an inmate's appeal, does not alone imply retaliation. There are no facts alleging that Defendant Robert Bruner took adverse action against Plaintiff because of his protected activity in filing an inmate grievance, or that any action did not reasonably advance a legitimate correctional goal. Accordingly, Plaintiff fails to state a cognizable claim for relief. Given the fact that Plaintiff has previously been given leave to amend on this claim on two separate occasions with ample guidance by the Court, further leave to amend is not warranted. Fed. R. Civ. P. 15(a). Thus, the action should be dismissed, with prejudice and without leave to amend, for failure to state a cognizable claim.

### III.

### RECOMMENDATION

Based on the foregoing,

IT IS HEREBY RECOMMENDED that Plaintiff's third amended complaint be dismissed, without leave to amend, for failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 11, 2014**

UNITED STATES MAGISTRATE JUDGE