UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD C. HUGHES,<br><br>          Plaintiff,<br><br>     v.<br><br>ROBERT BRUNER, et al.,<br><br>          Defendants. | Case No.: 1:11-cv-00110-AWI-SAB (PC)<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMEMNDATION, GRANTING PLAINTIFF ONE LAST OPPORTUNITY TO FILE A FOURTH AMENDED COMPLAINT TO SET FORTH HIS CLAIM OF RETALIATION<br><br>[ECF No. 34] |

Plaintiff Bernard C. Hughes is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On December 24, 2013, the Magistrate Judge issued Findings and Recommendations to dismiss Plaintiff's second amended complaint, without leave to amend, for failure to state a cognizable claim. The Court found that Plaintiff's amended complaint alleged nothing more than the mere fact that Defendant Bruner issued a false rules violation report, which is insufficient to give rise to a cognizable constitutional violation. Because Plaintiff was previously provided notification of the deficiencies, further leave to amend was not warranted.

On January 23, 2014, Plaintiff filed objections to the Findings and Recommendations. In his objections, Plaintiff contended that the false charges set forth in the second amended complaint were in retaliation for Plaintiff having filed a grievance. On February 5, 2014, the Magistrate Judge vacated

the Findings and Recommendations and granted Plaintiff the opportunity to file a third amended complaint to clarify his claim of retaliation.

Plaintiff filed a third amended complaint on March 10, 2014.  On March 12, 2014, the Magistrate Judge again issued a Findings and Recommendation to dismiss the third amended complaint for failure to state a cognizable claim.  More specifically, it was noted that

> Plaintiff merely contends that he was not provided an alternate pair of underwear, despite the fact that he had filed a grievance to accommodate such request.  Plaintiff fails to allege any facts that elevate his allegations of retaliation to the level of a plausible claim.  The denial of an inmate's appeal, does not alone imply retaliation.  There are no facts alleging that Defendant Robert Bruner took adverse action against Plaintiff because of his protected activity in filing an inmate grievance, or that any action did not reasonably advance a legitimate correctional goal.  Accordingly, Plaintiff fails to state a cognizable claim for relief.

(F&R, at 4, ECF No. 34.)

Plaintiff filed objections to the Findings and Recommendations on April 14, 2014, and contends that he is attempting to pursue a claim of retaliation against Defendant Bruner for issuing false charges resulting in a moderate rules violation simply because Plaintiff filed an inmate grievance against him.  Plaintiff submits that he "will again try to rectify that problem, if this court allows it, and begging its indulgence."  (Objections at 11, ECF No. 35.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including Plaintiff's objections, the Court will decline to adopt the Findings and Recommendations and allow Plaintiff one last opportunity to amend the claim by filing a fourth amended complaint.  Plaintiff is advised again that he must make clear to both the Court and Defendant the claim for which he is seeking liability and relief.  It is not the duty of the Court to weed through the entire complaint and/or exhibits to determine the nature of Plaintiff's claim, rather, the duty lies solely upon Plaintiff.  Indeed, Plaintiff should utilize the complaint form provided along with this order, and clearly and succinctly set forth his claim for relief in the Statement of Claim section IV of the standard complaint form.  Plaintiff's fourth amended complaint should be brief, Fed R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  See Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009).  In addition, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level…."  Bell Atlantic Corp. v. Trowmbly, 550 U.S. 544, 555 (2007).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997), overruled in part on other grounds, Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Accordingly,

IT IS HEREBY ORDERED that:

1. The Court DECLINES TO ADOPT the Findings and Recommendations, issued March 12, 2014;

2. Plaintiff is granted thirty (30) days from the date of service of this order in which to file his fourth amended complaint; and

3. If Plaintiff fails to comply with this order, the Court will reinstate the March 12, 2014, Findings and Recommendations and dismiss this case without leave to amend for failure to state a cognizable claim.

IT IS SO ORDERED.

Dated:   April 29, 2014                         _____
                                                 SENIOR  DISTRICT  JUDGE