UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD C. HUGHES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT BRUNER, et al.,<br><br>　　　　Defendants. | Case No.: 1:11-cv-00110-AWI-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO CLOSE THIS CASE PURSUANT TO PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL<br><br>[ECF No. 37] |

　　　　Plaintiff Bernard C. Hughes is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On April 29, 2014, the Court granted Plaintiff one last opportunity to file a fourth amended complaint within thirty days.

　　　　On June 2, 2014, Plaintiff filed a motion to withdraw the claim. (ECF No. 37.) Plaintiff indicates that he is unable to litigate this claim due to: (1) current psychotropic medications; (2) the claim is over five years old; and (3) the claim although valid is insubstantial to further clog this Court's backlog of cases. Plaintiff requests the Court to allow him to withdraw the claim.

　　　　Federal Rule of Civil Procedure 41(a)(1)(A) provides that "the plaintiff may dismiss an action without court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Voluntary dismissal under this rule requires no action on the part of the court and

1

divests the court of jurisdiction upon the filing of the notice of voluntary dismissal.  See, e.g., United States v. Real Property Located at 475 Martin Lane, Beverly Hills, CA, 545 F.3d 1134, 1145 (9th Cir. 2008) (describing consequences of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)).

Rule 41(a)(1)(A)(i) does not require a particular form of a notice of dismissal.  See Williams v. Ezell, 531 F.2d 1261, 1263 (5th Cir. 1976) (holding that a failure to cite Rule 41 was irrelevant, and giving no weight to plaintiff's choice to title the document "motion to dismiss" as opposed to "notice of dismissal").  In addition, a notice of voluntary dismissal is effective at the moment it is filed, and no judicial approval or court order is required.  Pedrina v. Chun, 987 F.2d 608 (9th Cir. 1993).

At this stage in the proceedings, Plaintiff has the absolute right to dismiss his claims, without prejudice.  Duke Energy Trading and Marketing, L.L.C. v. Davis, 267 F.3d 1042, 1049 (9th Cir. 2001).  Plaintiff's notice of voluntary dismissal of the complaint itself has the effect of closing the action, and the Court no longer has jurisdiction over the claims.  Id.

Accordingly, the Clerk of the Court is HEREBY DIRECTED to close this file pursuant to Plaintiff's notice of voluntary dismissal filed on June 2, 2014.

IT IS SO ORDERED.

Dated:   June 3, 2014
SENIOR DISTRICT JUDGE